IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DENZEL LEE**                                                                                       **PETITIONER**

V.                                                            CIVIL ACTION NO. 3:22-CV-235-CWR-LGI

**WARDEN SCOTT MIDDLEBROOKS**                                          **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Denzel Lee filed the instant petition for writ of habeas to 28 U.S.C. § 2241, seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Respondent asserts that the petition should be dismissed, however, because Petitioner failed to exhaust his administrative remedies. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for lack of exhaustion.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). Substantial compliance with administrative procedures does not suffice. *Id.* However,

when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate establishes an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once a defendant commences serving his sentence. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). Thus, an inmate challenging the computation and execution of his sentence must complete the administrative remedies process before filing a 28 U.S.C. § 2241 habeas petition. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *Qattoum v. Gillis*, No. 5:18-CV-137-DCB-MTP, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020); *See also Taylor v. Warden, FCI Beaumont*, No. 1:20-CV-492, 2021 WL 3924082, at *2 (E.D. Tex. July 28, 2021), *report and recommendation adopted,* No. 1:20-CV-492, 2021 WL 3912744 (E.D. Tex. Sept. 1,

2021) (same); *Saenz v. Warden, FPC Beaumont*, No. 1:20-CV-478, 2021 WL 2834410, at *2 (E.D. Tex. June 1, 2021), *report and recommendation adopted sub nom. Saenz v. Warden, FCI Beaumont*, No. 1:20-CV-478, 2021 WL 2826748 (E.D. Tex. July 7, 2021) (same). This is so even when the inmate may be entitled to immediate release. *Preiser v. Rodriguez,* 411 U.S. 475, 494-95 (1973). "The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Powell*, 834 F. App'x 940, 941 (5th Cir. 2021) (citing omitted); *United States v. Taylor*, 855 F. App'x 975, 975 (5th Cir. 2021).

In support of his contention that Lee's petition should be dismissed for failure to exhaust administrative remedies, Respondent submits an affidavit from Lisa Singleton, a Deputy Case Management Coordinator at FCC Yazoo responsible for processing administrative remedy requests. As a Deputy Case Manager, Singleton has access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's usage of the BOP's administrative remedies program. A review of Lee's administrative remedies history reflects that he has filed no requests regarding his sentencing calculation before filing the instant petition, and by his own admission, he acknowledges his failure to exhaust in his petition.

But as noted, if an inmate shows an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion. Lee has not shown or even alleged, however, that administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the

exhaustion requirement. *See Fuller*, 11 F.3d at 62. For this reason, and for the other reasons asserted, the undersigned recommends that the instant petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on September 29, 2023.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
